**Henny GUNAWAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71861.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Vela, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Timothy P. McIlmail, Paul Fiorino, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Henny Gunawan, native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision that she is ineligible for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. INS,* 134 F.3d 962, 966

(9th Cir.1998), and we deny the petition for review.

Substantial evidence supports the conclusion that Gunawan failed to establish a well-founded fear of persecution on account of her Chinese ethnicity. She failed to show the harassment she suffered in Indonesia constituted persecution, or that the anti-Chinese incidents her family members witnessed during riots in 1998, when Gunawan had been away from Indonesia for five years, were directed towards her family. *See id.* at 971. Moreover, although Gunawan's family's store was burned during the riots, Gunawan's mother and sisters continue to reside in Indonesia and operate the store. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.